# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFREY PAUL COOK,
        Plaintiff,

v.                                                       Case No. 09C1100

WISCONSIN DEPARTMENT OF
CORRECTIONS, PENNY VOGT and
EILEEN HAFFEY,
        Defendants.

## DECISION AND ORDER

Pro se plaintiff, Jeffrey Paul Cook who is on probation as a result of his fourth drunk driving offense, brings this § 1983 action against his probation officer Eileen Haffey, her supervisor Penny Vogt and the Wisconsin Department of Corrections alleging that their treatment of him as a probationer violated his right to due process. Before me now is defendants' motion for summary judgment.

Plaintiff failed to respond to defendants' proposed findings of fact thus they are deemed admitted. The facts are as follows: in August, 2008, the Walworth County Circuit Court sentenced defendant to eighteen months in prison but stayed the sentence and placed him on probation for three years with various conditions including that defendant maintain employment, not use alcohol or drugs, not enter any bars or liquor stores and participate in assessment for alcoholism. In addition, the rules of community supervision also restricted plaintiff him from possessing alcohol and required him to participate in counseling.

In January, 2009 plaintiff advised Haffey that he had secured employment as a chef in a pizzeria. Haffey declined to approve the position because it required plaintiff to work in a place where alcohol was served. Haffey also directed plaintiff to participate in an outpatient treatment program which met Tuesdays through Fridays from 5:30 p.m. to 8:30 p.m. After a month or so plaintiff asked Haffey if he could skip the Friday sessions and make them up at other times so that he could work in a different restaurant. Haffey declined his request because she wanted him to complete the treatment program. Plaintiff completed the treatment program and subsequently found work as a meat cutter.

In August, 2009 plaintiff tested positive for alcohol use and admitted to Haffey that he had used alcohol. This was a probation violation and as a result he was detained. The next day he recanted and claimed that Haffey had coerced him into falsely confessing. Vogt then interviewed plaintiff, and he told her that the urine test might have been mistaken because he had diabetes and high blood sugar. Plaintiff also said that the test might have been tampered with and that the testers might have confused him with another Jeff Cook. He admitted, however, that he had used cooking wine. Vogt and Haffey decided to continue plaintiff on probation with a warning and to refer him for further counseling. They also submitted a violation report based on his failure to provide accurate information to his probation agent. Plaintiff was released from jail that day.

I will grant defendants' motion for summary judgment only if, taking all the evidence and all reasonable inferences therefrom in the plaintiff's favor, I conclude that no reasonable jury could find for the plaintiff. In order to survive defendants' motion, plaintiff must present enough evidence to enable a reasonable jury to conclude that defendants deprived him of liberty or property without due process. Plaintiff's claim is that defendants

deprived him of due process by unlawfully detaining him, by preventing him from maintaining employment and by setting him up for inevitable revocation of his probation.

First, I will dismiss the Wisconsin Department of Corrections as a defendant because as a state agency it is not a "person" for purposes of § 1983. See Will v. Michigan Department of State Police, 491 U.S. 58, 64 (1989).

I will also grant the motion for summary judgment filed by Haffey and Vogt because based on the facts no reasonable jury could find that they deprived plaintiff of due process. As to plaintiff's unlawful detention claim, as a probationer he enjoyed only a conditional liberty dependent on his compliance with the requirements of his probation. Griffin v. Wisconsin, 483 U.S. 868, 874 (U.S. 1987). As his probation agents, Haffey and Vogt were authorized to detain plaintiff if they reasonably suspected that he had violated a condition of his probation. Knox v. Smith, 342 F.3d 651, 657 (7th Cir. 2003). Defendants reasonably suspected that plaintiff had violated his probation by using alcohol.

Plaintiff's claim that Haffey prevented him from maintaining employment by not approving his position at a pizzeria and not allowing him to miss Friday night counseling sessions to work in a restaurant also fails. Probation agents retain broad discretion over the supervision of a probationer. See Cabell v. Chavez-Salido, 454 U.S. 432, 446-447 (1982). Of course, their actions may not be arbitrary or unreasonable but Haffey's actions with respect to plaintiff were neither. Based on plaintiff's history of alcohol abuse, Haffey reasonably construed plaintiff's restriction from entering bars to include working in a restaurant serving alcohol where he could be tempted to drink by witnessing others drinking and purchasing alcohol. It was also not arbitrary or unreasonable for Haffey to insist that plaintiff not miss any part of his treatment program.

Finally, the record contains no facts from which a reasonable jury could conclude that Haffey and Vogt intentionally set plaintiff up for revocation of his probation.

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment is **GRANTED** and that this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 25th day of April, 2011.

/s_____
LYNN ADELMAN
District Judge